UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CAROL VISCOMI, PATRICIA HATCH, & SUSAN KENNEDY, individually and on behalf of all others similarly situated,<br>　　　　　Plaintiffs | CIVIL ACTION NO. |
| v. | JURY TRIAL DEMANDED |
| CLUBHOUSE DINER,<br>CLUBHOUSE BENSALEM HOLDING, INC.,<br>CLUBHOUSE BENSALEM, LLC, ESAM SALAH & MEYLINDA ARDHYANI,<br>　　　　　Defendants | CLASS AND COLLECTIVE ACTION |

## CLASS AND COLLECTIVE ACTION COMPLAINT

1. This action is brought by Plaintiffs Carol Viscomi, ("Viscomi"), Patricia Hatch, ("Pat Hatch") and Susan Kennedy, ("Kennedy"), (collectively "Plaintiffs"), to recover unpaid minimum and overtime wages and all available relief pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.*, ("FLSA"), the Pennsylvania Minimum Wage Act, ("PMWA"), 43 P.S. §§ 333.101, *et seq.*, and the Pennsylvania Wage Payment and Collection Law, ("WPCL"), 43 P.S. § 260.1, *et seq.*

2. Defendants systematically ignored the requirements of the FLSA, PMWA and WPCL and failed to compensate their waitstaff at the statutory minimum wage rates by diverting tips belonging to the waitstaff, by failing to pay them overtime, and by failing to appropriately compensate them for work they performed.

3. Plaintiffs seek unpaid wages, liquidated damages, pre-judgment and post-judgment interest, injunctive and declaratory relief against Defendants' for Defendants' unlawful actions, and attorneys' fees and costs pursuant to the FLSA, PMWA and WPCL.

## JURISDICTION

4. This Court has subject matter jurisdiction of this case pursuant to 29 U.S.C. § 216(b), 28 U.S.C. §§ 1331 and 1337.

5. Supplemental jurisdiction over Plaintiffs' state law claims under the PMWA and WPCL is conferred by 28 U.S.C. §§ 1332 and 1367.

## VENUE

6. Venue is proper in the Eastern District of Pennsylvania under 28 U.S.C. § 1391 because a substantial part of the conduct alleged herein occurred in this judicial district.

## PARTIES

7. Viscomi resides in Bristol, Pennsylvania and was employed as a waitress at the Clubhouse Diner until May 2013.

8. Pat Hatch resides in Philadelphia, Pennsylvania and was employed as a waitress at the Clubhouse Diner until September 2011.

9. Kennedy resides in Philadelphia, Pennsylvania and was employed as a waitress at the Clubhouse Diner until March 2013.

10. Defendant Clubhouse Bensalem Holding, Inc., ("Clubhouse Holding"), is a Pennsylvania corporation with a registered address of 1545 Huntingdon Road, Abington, Montgomery County, Pennsylvania.

11. Defendant Clubhouse Bensalem LLC, ("Clubhouse Bensalem"), is a Pennsylvania Limited Liability Corporation with a registered address of 1545 Huntingdon Road, Abington Montgomery County, Pennsylvania.

12. Collectively, Clubhouse Holding and Clubhouse Bensalem own and operate and/or t/d/b/a the Clubhouse Diner, which is a dining establishment located at 2495 State Rd, Bensalem, Bucks County, Pennsylvania, 19020.

13. The Clubhouse Diner prepares and serves food for customers on its premises and is open for business 24 hours a day 7 days at week.

14. Defendants are an enterprise and/or enterprises engaged in commerce or in the production of goods for commerce within the meaning of the FLSA because their annual gross volume of sales exceeds $500,000 and their employees, including Plaintiffs, handle and sell goods that have been moved in, or produced for, commerce, such as, food items and beverages.

15. Defendant Esam Salah, ("Salah"), is a natural person engaged in business in Pennsylvania, who is the owner of the Clubhouse Diner, and is being sued individually in his capacity as an owner, officer and/or agent of Clubhouse Bensalem and Clubhouse Holding.

16. Defendant Salah exercises sufficient control over the Clubhouse Diner's operations to be considered Plaintiffs' employer under the FLSA, PMWA and WPCL and at all relevant times established and implemented the pay practices, labor relations and personnel policies and practices at the Clubhouse Diner.

17. Defendant Meylinda Ardhyani, ("Ardhyani"), is a natural person engaged in business in Pennsylvania who is the manager of the Clubhouse Diner and is sued individually in her capacity as an officer and managing agent of the Clubhouse Diner.

18. Defendant Ardhyani exercises sufficient control over the Clubhouse Diner's operations to be considered Plaintiffs' employer under the FLSA, PMWA and WPC and at all times material herein implemented the pay practices, labor relations and personnel practices at the Clubhouse Diner.

19. Defendant Salah and Ardhyani are personally, jointly and severally liable for the violations of the FLSA, PMWA and WPCL by the Clubhouse Diner, Clubhouse Bensalem and Clubhouse Holding.

20. At all relevant times, Defendants have been Plaintiffs' employers within the meaning of the FLSA, PMWA and WPCL.

## COLLECTIVE ACTION ALLEGATIONS

21. The claims in this Complaint arising out of the FLSA are brought by Plaintiffs on behalf of themselves and other similarly situated individuals who are current and former employees of the Clubhouse since the date three years prior to the filing of the Complaint who elect to opt-in to this action.

22. Plaintiffs bring this case as a collective action pursuant to the FLSA, 29 U.S.C. § 216(b) on behalf of themselves and other similarly situated individuals, which shall include:

> All persons who work or worked as waitstaff for the Defendants at any time three years prior to the filing of this action through the entry of judgment in this action (the "FLSA Collective").

23. The FLSA Collective consists of approximately one hundred and fifty (150) similarly situated current and former employees of the Clubhouse who have been victims of Defendants' common policy and practices that have violated their rights under the FLSA by, *inter alia*, willfully denying them the minimum wage and other wages.

24. The FLSA Collective consists of employees who, during their employment at the Clubhouse, fell into the category of non-exempt, non-managerial tipped employees who customarily and regularly earn more than $30.00 per month in tips and were required by Defendants to participate in a tip-pool scheme, who were denied overtime for the hours that they

4

Case 2:13-cv-04720-JD   Document 1   Filed 08/14/13   Page 5 of 16

worked in excess of forty hours and who were not paid an hourly rate for hours they worked on certain days.

25. As part of their regular business practice, Defendants have intentionally, willfully, and repeatedly harmed Plaintiffs and the FLSA Collective by engaging in a pattern, practice, and/or policy of violating the FLSA.

26. This policy, pattern or practice includes, *inter alia*, the following:

   a. depriving the waitstaff of tips that they earned;

   b. improperly paying their waitstaff below minimum wage;

   c. failing to pay their waitstaff overtime at a rate of one and one-half times their regular hourly rate for all hours worked over forty (40) in a workweek;

   d. failing to provide notice to their waitstaff of its intention to take a "tip credit" against the minimum wage;

   e. improperly taking a tip credit against the minimum wage from their waitstaff;

   f. failing to provide and/or compensate their waitstaff for breaks; and

   g. misappropriating tips earned by their waitstaff.

27. Defendants have engaged in their unlawful conduct pursuant to a policy of minimizing overhead costs, denying employees compensation and maximizing their own profits.

28. Defendants' unlawful conduct has been intentional, willful, and in bad faith and has caused significant damage to Plaintiffs and the FLSA Collective.

29. The FLSA Collective would benefit from the issuance of a Court supervised notice of the present lawsuit and the opportunity to join the present lawsuit.

30. Those similarly situated employees are known to Defendants, are readily identifiable and locatable through Defendants records.

5

31. These similarly situated employees should be notified of and allowed to opt-into this action, pursuant to 29 U.S.C. § 216(b).

## CLASS ACTION ALLEGATIONS

32. The claims in this Complaint arising out of the PMWA and WPCL are brought by Plaintiffs on behalf of themselves and other similarly situated individuals who are current and former employees of the Clubhouse since the date three years prior to the filing of the Complaint.

33. Plaintiffs bring Counts III and IV as a class action pursuant to Rule 23(b)(2) and (b)(3) of the Federal Rules of Civil Procedure on behalf of a class, consisting of:

> All persons who work or worked as waitstaff (*i.e.*, waiters and waitresses) for the Defendants at any time three years prior to the filing of this action through the entry of judgment in this action (the "Rule 23 Class").

34. The employees in the Rule 23 Class are so numerous that joinder of all members is impracticable.

35. Upon information and belief, the size of the Rule 23 Class is approximately one hundred and fifty (150) people, although the precise number of such employees is unknown.

36. Facts supporting the calculation of that number are presently within the sole control of Defendants.

37. Defendants have acted or have refused to act on grounds generally applicable to the Rule 23 Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the Rule 23 Class as a whole.

38. Common questions of law and fact exist as to the Rule 23 Class that predominate over questions affecting them individually including, *inter alia*, the following:

> a. whether Defendants violated PMWA Article 43 §§ 333.101, *et seq.*, and the supporting Pennsylvania Department of Labor & Industry regulations;

b. whether Defendants misappropriated tips from Plaintiffs and the Rule 23 Class;

c. whether Defendants' misappropriation of tips constitutes an unlawful deduction under the WPCL;

d. whether Defendants promulgated and implemented an unlawful tip-out and tip pool scheme;

e. whether Defendants failed to pay Plaintiffs and the Rule 23 Class the applicable minimum and overtime wages under the PMWA;

f. whether Defendants' policy of failing to pay workers was instituted willfully or with reckless disregard of the law;

g. whether Defendants have improperly withheld wages from the Class upon termination of employment; and

h. the nature and the extent of class-wide injury and the measure of damages for those injuries.

39. The claims of the Plaintiffs are typical of the claims of the Rule 23 Class they seek to represent.

40. Plaintiffs and the members of the Rule 23 Class work or have worked for Defendants as waitstaff (*i.e.* waiters and waitresses) at the Clubhouse Diner within the three years prior to the filing of this action.

41. They have the same statutory rights under the PMWA to be paid for all hours worked, to be paid minimum wages, and to keep the tips they earn.

42. Plaintiffs and the members of the Rule 23 Class have sustained similar types of damages as a result of Defendants' failure to comply with the PMWA.

43. Plaintiffs and the Rule 23 Class have all been injured in that they have been uncompensated or under-compensated due to Defendants' common policies, practices, and procedures.

44. Plaintiffs will fairly and adequately represent and protect the interests of the members of the Rule 23 Class.

45. Plaintiffs have retained counsel competent and experienced in wage and hour litigation and class action litigation.

46. There is no conflict between the Plaintiffs and the Rule 23 Class members.

47. A class action is superior to other available methods for the fair and efficient adjudication of this litigation.

48. The members of the Rule 23 Class have been damaged and are entitled to recovery as a result of Defendants' common policies, practices, and procedures.

49. Although the relative damages suffered by the individual class members are not *de minimis*, such damages are small compared to the expense and burden of individual prosecution of this litigation.

50. Individual Plaintiffs lack the financial resources necessary to conduct a thorough examination of Defendants' compensation practices and policies and to prosecute vigorously a lawsuit against Defendants to recover such damages.

51. In addition, class action litigation is superior because it will obviate the need for unduly duplicative litigation that might result in inconsistent judgments about Defendants' practices.

52. This action is properly maintainable as a class action under Rule 23(b)(3) of the Federal Rules of Civil Procedure.

## FACTS COMMON TO ALL PLAINTIFFS

53. The FLSA and PMWA require employers to pay a minimum hourly wage.

54. Currently, the minimum wage is $7.25 per hour.

55. Under certain circumstances, employers are permitted under the FLSA and the PMWA to pay tipped employees a reduced hourly wage, allowing a credit against the minimum wage for tips which the employee receives.

56. The PMWA allows an employer to pay tipped employees a reduced minimum wage of no less than forty percent (40%) of the applicable statutory minimum wage which is currently $7.25 per hour.

57. In Pennsylvania, the reduced minimum wage for tipped employees is $2.83 per hour.

58. Pursuant to its common business policies and practices, Defendants did not pay their employees the full minimum hourly wage, paying a reduced wage by taking the "tip credit" provided for by the FLSA and PMWA.

59. The FLSA and PMWA provide that in order to be eligible for a "tip credit," employers of tipped employees must allow employees to keep all the tips that they receive.

60. Under the FLSA and PMWA employers are prohibited from sharing in the tips received by "tipped employees."

61. Plaintiffs are tipped employees.

62. The FLSA and PMWA permit employees to participate in a "tip pool" where tipped employees split their tips with other tipped employees.

63. The tip pool is unlawful, however, where a non-tipped employee, such as an owner or a manager, receives a share of the tips.

64. In particular, waitresses and waiters at the Clubhouse were required to pay Defendants in cash one dollar ($1.00) per hour for each hour that they worked Monday through

Friday and one dollar and fifty cents ($1.50) to two dollars ($2.00) for each hour they worked on weekend and holidays.

65. This tip pool scheme was not voluntary or optional.

66. Defendants failed to post any notification regarding the tip pool and/or inform Plaintiffs or any staff of how they would operate this pool or how the tip credit and tip pool would apply.

67. Defendants, upon information and belief, would take a share of the tip pool money for themselves, would share the tip pool money with individuals who should not have been part of the tip pool and/or were not entitled to tips as they performed gardening and janitorial, dishwashing, and other non-customer related duties and who were not paid any wages by Defendants.

68. Defendants also required their waitstaff to purchase t-shirts and polo shirts from Defendants out of their tips, pay for any broken dinnerware, dishes and/or glasses, pay out of their tips any bills for customers who walked out without paying for their meal and make up the difference of any cash shortcomings and/or open or lost checks at the end of a shift as if the customers left with out paying despite the fact that Defendants had been paid by the customers.

69. Because Defendants established an illegal tip pool scheme, took unlawful deductions from waitstaff's tips and forced the waitstaff to pay out of their tips numerous costs of doing business, Defendants were not entitled to reduce the minimum wages of their waitresses by applying the tip credit allowance that is otherwise available under the FLSA and PMWA.

70. Defendants also failed to pay any of its waitresses overtime, would require them to clock out if they did in fact work over forty (40) hours in a week, would require waitresses who switched shifts to clock in on dummy timecards or as other employees to prohibit them from

earning overtime, would not permit them to clock in or earn tips when waiting on a large previously scheduled party, would not provide them with a time card to clock in on certain days and would dock their time thirty (30) minutes if they clocked in more than two (2) minutes late.

71. It is believed that Defendants are under investigation by the Internal Revenue Service in connection with their unlawful practices.

## COUNT I
## Violation of the FLSA-Minimum Wage Violation

72. Plaintiffs repeat and reallege paragraphs 1 through 71 as if fully set forth herein.

73. At all relevant times, Defendants were employers within the meaning of 29 U.S.C. §§ 203(e) and 206(a).

74. At all relevant times, Plaintiffs were "employees" within the meaning of 29 U.S.C. §§ 203(e) and 206(a).

75. At all relevant times, Defendants had the power to hire and terminate Plaintiffs and the FLSA Collective, control their terms and conditions of employment, and determine the rate and method of any compensation Plaintiffs' received.

76. Defendants were required to pay to Plaintiffs and the FLSA Collective the applicable federal minimum wage rate.

77. Defendants were not eligible to avail themselves of the federal tipped minimum wage rate under the FLSA because, *inter alia*:

   a. Defendants were required, but failed, to inform Plaintiffs and the FLSA Collective of the provisions of subsection 203(m) of the FLSA, 29 U.S.C. § 203(m);

   b. Defendants unlawfully redistributed portions of the tips received by Plaintiffs and the FLSA Collective to management in violation of the FLSA, 29 U.S.C. § 203(m) and supporting federal regulations; and

    c. Defendants unlawfully redistributed tips to employees that do not customarily and regularly receive tips in violation of FLSA, 29 U.S.C. § 203(m).

78. Defendants were aware or should have been aware that the practices described in the Complaint were unlawful and were not made a good faith effort to comply with the FLSA with respect to the compensation of the FLSA Collective.

79. As a result of Defendants' willful violations of the FLSA, Plaintiffs and the FLSA Collective suffered damages by being denied wages in accordance with the FLSA in amounts to be determined at trial, and are entitled to recovery of such amounts, liquidated damages, pre-judgment interest, post-judgment interest, attorneys' fees, costs, and other compensation pursuant to 29 U.S.C. § 216(b).

80. Defendants' violations of the FLSA, have been and continue to be willful, and therefore a three-year statute of limitations applies pursuant to the FLSA, 29 U.S.C. §255(a).

### COUNT II
### Violation of the FLSA- Failure to Pay Overtime Compensation

81. Plaintiffs repeat and reallege paragraphs 1 through 80 as if fully set forth herein.

82. Defendants are required to pay Plaintiffs and the FLSA Collective one and one-half (1½) times the regular rate of pay for all hours they worked in excess of 40 hours in a workweek pursuant to the overtime wage provisions set forth in the FLSA, 29 U.S.C. § 207, *et seq.*

83. Defendants failed to pay Plaintiffs and the FLSA Collective the overtime wages to which they are entitled under the FLSA.

84. Defendants willfully violated the FLSA by knowingly and intentionally failing to pay Plaintiffs and the FLSA Collective overtime wages.

85. Due to Defendants' violations of the FLSA, Plaintiffs and the FLSA Collective are entitled to recover their unpaid overtime wages, liquidated damages, reasonable attorneys' fees and costs of the action, and pre-judgment and post-judgment interest.

86. Defendants' violations of the FLSA were-and continue to be willful and, therefore, a three year statute of limitations applies to this matter pursuant to the FLSA, 29 U.S.C. § 255(a).

## COUNT III
### Violation of PMWA-Unpaid Minimum Wage

87. Plaintiffs repeat and reallege paragraphs 1 through 86 as if fully set forth herein.

88. At all times relevant, Defendants have been employers within the meaning of the PMWA, 43 P.S. § 333.103(g), and supporting Pennsylvania Department of Labor & Industry Regulations, and Defendants employed Plaintiffs and the Rule 23 Class members.

89. At all times relevant, Plaintiffs and the Rule 23 Class members were employees within the meaning of the PMWA, 43 P.S. § 333.103(h).

90. Defendants failed to pay Plaintiffs and the Rule 23 Class the minimum wages to which they are entitled under the PMWA, in violation of PMWA Article 43, §§ 333.104(a) and supporting Pennsylvania Department of Labor & Industry Regulations.

91. As a direct and proximate result of Defendants' willful and unlawful violations of the PMWA, Plaintiffs and the members of the Rule 23 Class are entitled to recover their unpaid wages, reasonable attorneys' fees and costs of the action, liquidated damages and pre-judgment and post-judgment interest.

## COUNT IV
### Violation of PMWA-Failure to Pay Overtime

92. Plaintiffs repeat and reallege paragraphs 1 through 91 as if fully set forth herein.

93. Under the PMWA Article 43, §§ 333.105(a)-(c), *et seq.*, and the supporting Pennsylvania Department of Labor Regulations & Industry regulations, Defendants were required to pay Plaintiffs and the Rule 23 Class members one and one (1½) half times the regular rate of pay for all hours they worked in excess of 40 hours in a workweek.

94. Defendants failed to pay Plaintiffs and the Rule 23 Class members the overtime wages to which they were entitled under the PMWA.

95. Defendants willfully violated, and continue to violate, the PMWA by knowingly and intentionally failing to pay Plaintiffs and the Rule 23 Class Members overtime wages.

96. Due to Defendants' willful violations of the PMWA, Plaintiffs and the Rule 23 Class Members are entitled to recover their unpaid overtime wages, reasonable attorneys' fees and costs of the action, liquidated damages and pre judgment and post judgment interest.

## COUNT V
### Violation of WPCL-Failure to Timely Pay Wages

97. Plaintiffs repeat and reallege paragraphs 1 through 96 as if fully set forth herein.

98. At all relevant times, Plaintiffs and the Rule 23 Class members have been employees and Defendants have been employers within the meaning of the WPCL, 43 Pa. C.S. § 260.2a, and supporting Pennsylvania State Department of Labor & Industry Regulations, and at all times relevant, Defendants employed Plaintiffs and the Rule 23 Class.

99. The WPCL and supporting regulations prohibit any employer or its agents, including managers, from making deductions from employees' wages except for those deductions specifically authorized by the regulations.

100. Defendants unlawfully retained a portion of tips from their waitstaff and also took deductions from waitstaff's pay to cover customer walk outs, cash shortages, and uniform costs.

101. Defendants have willfully violated the WPCL by knowingly and intentionally misappropriating wages to which plaintiff and the Rule 23 Class members are entitled.

102. Defendants also failed to pay their staff wages, failed to record their time appropriately, improperly held wages from the Rule 23 Class Members, and failed to compensate Plaintiffs and the class for time they worked.

103. As a result of Defendants' willful violations of the WPCL, Plaintiffs and the Rule 23 Class are entitled to recover their unpaid wages, reasonable attorneys' fees and costs of the action, liquidated damages, and pre-judgment and post-judgment interest.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs, on behalf of themselves, the FLSA Collective, and the Rule 23 Class, respectfully request that this Court enter a judgment as follows:

a. an order certifying the case as a collective action for the violations of the FLSA, as it pertains to the First and Second Claim under the FLSA, 29 U.S.C. §216(b) for the employees described herein and designating Plaintiffs' counsel as counsel for the FLSA Collective;

b. designation of the named Plaintiffs as representatives of the FLSA Collective;

c. an order certifying the case as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure as it pertains to the Third, Fourth, and Fifth Claims for the class of employees described herein, certifying Plaintiffs as the class representatives and designating Plaintiffs' counsel as class counsel;

d. to authorize the issuance of a notice at the earliest possible time to all tipped employees who were employed by Defendants during the three years immediately preceding the filing of this action. This notice should inform them that this action has been filed, describe the nature of the action, and explain their right to opt into this lawsuit;

e. to declare that Defendants have violated the minimum wage provisions of the FLSA and PMWA;

f. to declare that Defendants have violated the unlawful deductions provisions of the WPCL;

g. to declare that Defendants' violations of the FLSA were willful;

h. to order Defendants to disgorge and remit back the amount of the tips misappropriated from the wages of Plaintiffs, the FLSA Collective, and the Rule 23 Class;

i. to award Plaintiffs, the FLSA Collective, and the Rule 23 Class damages for unpaid minimum and overtime wages;

j. to award Plaintiffs and the Rule 23 Class damages for all unauthorized deductions under the WPCL;

k. to award Plaintiffs, the FLSA Collective, and the Rule 23 Class liquidated damages pursuant to the FLSA, PMWA, and WPCL;

l. to award Plaintiffs, the FLSA Collective, and the Rule 23 Class prejudgment and post-judgment interest;

m. to award Plaintiffs, the FLSA Collective, and the Rule 23 Class reasonable attorneys' fees and costs pursuant the FLSA, PMWA and WPCL; and

n. award such other and further relief as the Court deems just and proper.

## JURY TRIAL DEMAND

Plaintiffs demand a trial by jury in this action pursuant to Rule 38(b) of the Federal Rules of Civil Procedure.

Respectfully submitted,

MURPHY & ASSOCIATES

BY: _____s/Edward J. Murphy, Jr., Esquire_____
PATRICK G. MURPHY, ESQUIRE
ATTY. I.D. NO. 34815
EDWARD J. MURPHY, JR., ESQUIRE
ATTY. I.D. NO. 91814
350 SENTRY PARKWAY
BUILDING 640, SUITE 100
BLUE BELL, PA 19422
(215) 643-6500

Date: August 9, 2013