**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **CAROL VISCOMI,**<br>**PATRICIA HATCH, and**<br>**SUSAN KENNEDY, individually and on**<br>**behalf of all others similarly situated,**<br>                              **Plaintiffs,**<br><br>                    **v.**<br><br>**CLUBHOUSE DINER,**<br>**CLUBHOUSE BENSALEM HOLDING,**<br>**INC.,**<br>**CLUBHOUSE BENSALEM, LLC,**<br>**ESAM SALAH, and**<br>**MEYLINDA ARDHYANI,**<br>                              **Defendants.** | **CIVIL ACTION**<br><br><br><br>**NO.  13-4720** |

**O R D E R**

        **AND NOW**, this 30th day of March, 2016, upon consideration of plaintiffs' Motion for

Class Certification (Document No. 23, filed October 22, 2015) and Defendants' Reply to Plaintiffs'

Motion for Collective Action Certification (Document No. 28, filed January 5, 2016), for the

reasons stated in the accompanying Memorandum dated March 30, 2016, **IT IS ORDERED** as

follows:

        1.        The Motion for Class Certification is **GRANTED IN PART**. The Court

conditionally certifies a collective action divided into three (3) subclasses, as follows:

   (1) All current and former servers, waiters, and waitresses employed by defendants at
       any time on or after November 7, 2010, who, during that period, were required to
       contribute their tips to a "tip pool" from which defendants retained a share for
       themselves, and/or paid employees not customarily entitled to tips.

   (2) All current and former servers, waiters, and waitresses employed by defendants at
       any time on or after November 7, 2010, who, during that period, were not paid
       overtime wages for work performed in excess of forty (40) hours in a workweek at a
       rate of not less than one and one-half (1.5) times the regular rate at which they
       are/were employed.

   (3) All current and former servers, waiters, and waitresses employed by defendants at
       any time on or after November 7, 2010, who, during that period, were not paid for all

time worked, either because they were not permitted to clock in or earn tips when waiting on large previously scheduled parties, or were docked thirty (30) minutes of pay after clocking in more than two (2) minutes late.

2.      The Motion for Class Certification is **DENIED** in all other respects.

3.      Within three (3) weeks of the issuance of this Order, the parties, through counsel, shall submit to the Court (Chambers, Room 12613) an agreed-upon form of notice to be sent to all current and former servers, waiters, and waitresses employed by defendants at any time on or after November 7, 2010. The notice shall reflect the proper scope of the potential classes, and shall be consistent with the directives in the accompanying Memorandum dated March 30, 2016 and the telephone conference held on February 17, 2016. The notice shall provide, *inter alia*, for a 60-day period during which the noticed individuals may opt in to the collective action.

4.      Within three (3) weeks of the issuance of this Order, defendants shall produce to plaintiffs a computer-readable data file containing the names, addresses, and telephone numbers of all current and former servers, waiters, and waitresses employed by defendants at any time on or after November 7, 2010 so that plaintiffs may implement notice once the Court approves the form of notice.

5.      At the conclusion of the notice period, the parties, through counsel, shall jointly report to the Court regarding the number of class members.

**IT IS FURTHER ORDERED** that the entry of this Order is **WITHOUT PREJUDICE** to the right of the defendants involved in the criminal investigation to rely on the Fifth Amendment until the criminal investigation and any related criminal proceedings against them are finally resolved.

**BY THE COURT:**

**/s/ Hon. Jan E. DuBois**

_____

**DuBOIS, JAN E., J.**

2